## C. Krautz *v.* The State.

1. New Trial.—In the absence of the accused his motion for a new trial should not be heard or considered; but if this has been done and the motion overruled, it is not error to set aside such action and, in the presence of the accused, reconsider and determine his motion.

2. Transcript.—Rule 84 requires that the clerk of the court below, in preparing a transcript for appeal, shall copy into the face of the transcript not only his file-mark upon each filed paper, but also his signature to such file-mark. Compliance with this, as well as every other, requirement of the rules of court is expected.

Appeal from the District Court of Washington. Tried below before the Hon. E. B. Turner.

The indictment charged that the appellant, Christopher Krautz, did, in the county of Washington, on May 10, 1875, of his malice aforethought, kill and murder one Peter Zander with a weeding-hoe.

The accused and the deceased were renters, from C. B. Francis, of different parcels of the same field. Prior to the affray, which resulted in the death of Zander, they had been good friends.

William Zander, a son of the deceased, was the principal witness for the State. He testified that he and the deceased, his father, were grazing two yokes of oxen, tethered with ropes, in a ravine, when Krautz, the accused, came and told them to get away from there, and at the same time striking the oxen with his weeding-hoe. That thereupon the deceased and witness quarreled with Krautz, and told him not to strike the oxen. That Krautz then said he would kill the deceased and witness, and raised his hoe and struck the deceased with it upon his head, so that he sank to the ground. Witness then struck with his whip at Krautz, and the latter struck witness on the arm with the hoe. Deceased got up from the ground and with his whip struck Krautz, who thereupon struck deceased with the hoe upon the head and shoulder. Krautz then went away.

The deceased, after receiving the injuries, walked four miles, to the town of Burton, to obtain a warrant for Krautz, and while there had his wounds examined by a physician. He had received several wounds, and among them a cut upon the temple, which penetrated the skull, and of which, according to the physician, he died some four or five days afterwards.

The defense introduced the justice of the peace to whom the deceased applied for a warrant against Krautz. According to the version of the difficulty given by Zander to the justice, as repeated by the latter in his testimony, the de-

ceased and his son commenced on Krautz with their whips before he used his hoe on them.

The defense proposed to prove that the spot where the difficulty occurred was not in a ravine, but was on the rented and cultivated ground of Krautz, and that the deceased and his son had brought their oxen on the growing produce of Krautz. On objection by the State, this proof was excluded, and the defense excepted. This is the excluded testimony referred to in the opinion of this court.

The jury convicted Krautz of manslaughter, and assessed his punishment at two years in the penitentiary.

*Breedlove & Ewing*, for the appellant.

*W. B. Dunham*, for the State.

Winkler, J. The appellant, having been convicted of manslaughter, moved the court for a new trial, which motion was by the court overruled. At a subsequent day of the term the judgment overruling the motion for a new trial was set aside, on the ground that the accused was not personally present in court when the motion was being considered; and, on a still later day of the term, the motion for a new trial was again considered and again overruled, and a new trial refused; at which second hearing, the record shows, the accused was present in person and by attorney.

In this action of the court we find no such error as to warrant a reversal. Whilst it was improper to hear the motion in the absence of the accused, it was not error to set the action of the court so taken aside, and again consider it in the presence of the accused. On this question see *Gibson*, alias *Kemp*, v. *The State*, 3 Texas Ct. App. 437.

During the progress of the trial certain testimony was

offered by the accused, which was excluded on objection made by the county attorney ; and to the ruling the accused took a bill of exceptions.    By a careful examination of the testimony excluded, so far as is shown by the bill of exceptions, and in connection with that set out in the statement of facts, we are of opinion the testimony excluded would have afforded no legal justification for the homicide, nor could it have had any material influence upon the verdict ; and its exclusion was not such an error as would have warranted the granting of a new trial or the reversal of the judgment.

One paragraph of the charge of the court is complained of specially in the assignment of errors, which sets it out as commencing : "It may be admitted that defendant had no legal right to beat the oxen of Mr. Zander, and indeed he had not ; but, if he did, it did not justify," etc.    We fail to see in this anything more than an enunciation of a legal proposition, and, when taken in connection with the whole charge, cannot be considered as calculated to mislead the jury to the prejudice of the accused.    The charge confined the jury to the investigation of the subject of manslaughter, the court telling the jury at the outset that the evidence did not warrant a conviction of murder, either of the first or of the second degree ; and in this view of the case the law both of manslaughter and self-defense was correctly given in charge to the jury.    The evidence did not warrant a charge on the lesser degrees.

Whilst we have not attempted a consecutive consideration of all the grounds set out in the motion for a new trial and in the assignment of errors, we have given to each of them the importance they seem to demand, without discovering any just ground to disturb the verdict and judgment of the District Court.

There was some conflict between the testimony of the witnesses for the state and those on the part of the accused ;

but this matter was left to the jury under a proper charge. It cannot be said that the verdict is against the evidence.

We deem it not amiss to notice that in making up the transcript the clerk, whilst he shows in the face of the record the date of the filing of several papers, has omitted to sign or copy his signature to the file-mark. This should never be omitted. See "Rules of Court" for the government of clerks in preparing transcripts on appeal or writ of error. Rule 84 requires not only the noting in the margin of the name and date of each proceeding, but also the copying of the indorsements upon the back of the paper, which include the file-mark and signature of the clerk. A disregard of these rules may occasion controversy. In the present case it seems the clerk has endeavored to comply with this rule, but has failed in the particular indicated, and which he has substantially met in certifying the record, which sufficiently identifies the different papers to demand a consideration of them. The whole indorsement, including the file-mark and the signature of the clerk thereto, should be copied in the face of the transcript, besides noting its character and date in the margin.

We are of opinion that the appellant has been fairly tried and convicted of the crime of manslaughter. The judgment rendered against him is, therefore, affirmed.

*Affirmed.*